IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINA TULLY

    Plaintiff(s)

vs.                                    Civil Action No. JFM-09-3482

BOARD OF EDUCATION OF
BALTIMORE COUNTY

    Defendant(s)

******

MEMORANDUM

Plaintiff has brought this action for employment discrimination against her employer, the Board of Education of Baltimore County. Plaintiff claims that she was retaliated against for having testified on behalf of one of her co-workers during a trial that resulted in the entry of a judgment against defendant. Approximately eleven months after the trial, plaintiff was placed on leave without pay for ten days.[1]

Earlier in the proceedings I granted a motion to dismiss the original complaint filed by defendant. However, I granted plaintiff leave to file an amended complaint. Later, I granted a motion to dismiss filed by defendant as to three of the claims asserted by plaintiff on the ground that the wrongful actions alleged by defendant did not constitute adverse employment actions.[2] I denied defendant's motion to dismiss as to the fourth claim – that the placing of plaintiff on administrative leave without pay was in retaliation for her testimony on behalf of one of her

---

[1] Plaintiff's opposition memorandum may also be read as suggesting that she was denied promotions in retaliation for her testimony. However, no promotion claims were set forth in plaintiff's complaint or amended complaint, and she has presented no evidence to substantiate any such claim.

[2] The three claims as to which I granted defendant's motion to dismiss for want of an adverse employment action were based upon the following: (1) on April 18, 2007, Assistant Principal Kevin Whatley allegedly tampered with money receipts entrusted to plaintiff; (2) in June 2007 plaintiff received an evaluation that was not positive in all respects; and (3) on November 21, 2007, plaintiff was falsely accused of making a threat against Whatley, and she was placed on administrative leave with pay.

coworkers in another discrimination case – and ordered that discovery proceed. Discovery has now been completed, and defendant's summary judgment motion is based upon the factual record as it has been established during the discovery process. Defendant's motion will be granted.

Plaintiff was placed on administrative leave without pay for the ten day period beginning March 31, 2008. Plaintiff was informed of that decision by a letter dated March 12, 2008. As indicated above, the letter was sent almost eleven months after plaintiff had testified against defendant on behalf of one of her coworkers in a discrimination case. The decision to place plaintiff on administrative leave without pay was made by Dr. William H. Lawrence, one of defendant's Area Assistant Superintendents. Dr. Lawrence took the action after having conducted an investigation of an incident that occurred on November 21, 2007. According to Dr. Lawrence's findings, plaintiff had used a series of profanities in describing Assistant Principal Whatley who plaintiff claimed was out to get her. In making the decision Dr. Lawrence recognized that other employees of defendant have been terminated for similar misconduct, but he decided only to impose a suspension without pay for ten days in light of plaintiff's remorse and her "long history with the school system."[3]

The retaliation claim, of course, depends upon the existence of a causal connection between the adverse employment action taken against an employee and the employee's participation in a protected activity. Such a connection may be inferred when the adverse employment action is taken shortly after a defendant learns of the employee's participation in protected activity. *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004). However, "a lengthy

---

[3] Plaintiff returned to work on May 6, 2008 to the same position she held before being placed on administrative leave. She apparently continues to work for defendants today. The only loss that she suffered was $1,200.00, the amount of pay she would have received during the ten day administrative suspension.

time lapse between the employer becoming aware of the detective activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998). However, the eleven month lapse between plaintiff's testimony case and her being placed on administrative leave without pay is far lengthier than the four month lapse found by the Fourth Circuit to negate a causal inference in another case. *See Pascual v. Lowe's Home Ctrs., Inc.*, 193 Fed. Appx. 229, 232 (4th Cir. 2006) (unpublished). Moreover, defendant here has presented evidence of an alternative legitimate reason for the adverse employment action taken against plaintiff.

Plaintiff attempts to create a genuine issue of material fact by arguing that other actions taken against her reflected defendant's retaliatory mindset. First, she suggests that the April 18, 2007, incident (that occurred the day after plaintiff's testimony on behalf of her coworker) in which Assistant Principal Whatley allegedly tampered with her receipt box reflects such an animus. However, the facts about this incident are highly ambiguous; Whatley may well have had reason to access plaintiff's receipt box in order to provide a receipt for money given by a parent to another staff member. Second, plaintiff complains about one portion in the evaluation she received from Whatley in June 2007. However, plaintiff received an "Overall Effectiveness" of "Satisfactory" in the evaluation. The only portion of the evaluation about which she complained was in the narrative contained in the "Human Relations Competency," that suggested that she was not always cordial in dealing with her coworkers, staff, students, and parents. Moreover, as plaintiff concedes, the sentences in the narrative about which she complained were removed after she and a union representative met with school officials. Three, plaintiff complains about the fact that she was told to leave the school building after having been accused of making threats against a coemployee (Whatley). This, however, is the incident that

3

subsequently was investigated by Dr. Lawrence, and plaintiff was found to be at fault. Fourth, when plaintiff returned to work on May 6, 2008, she was upset to find that the personal items in her work area had been boxed up. However, she was immediately advised that she could replace the personal items to where she wanted them.

None of the facts relied upon by plaintiff are sufficient to raise an inference that she was retaliated against when she was placed on administrative leave without pay approximately eleven months after her testimony on behalf of her coworker.[4]

Accordingly, plaintiff cannot meet her burden of proof, and defendant is entitled to the summary judgment it seeks. A separate order to that effect is being entered herewith.


Date: June 30, 2011  /s/_____
 J. Frederick Motz
 United States District Judge

---

[4] It is also noteworthy that plaintiff has presented no evidence, other than her own testimony, that Dr. Lawrence was even aware of her earlier testimony when he decided to place her on administrative leave without pay. My decision, however, is not based upon that fact because plaintiff's testimony itself may create a genuine dispute about Dr. Lawrence's knowledge.